UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HALEE L. J., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C25-509-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). She contends the ALJ erroneously rejected the opinions of Dr. Carl Epp, Ph.D., and Dr. Steven Talmadge, Ph.D. Dkt. 12 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 46 years old, has a high school education, and has no past relevant work. Tr. 33. Plaintiff applied for SSI and DIB on September 2, 2022, alleging a disability onset date of July 1, 2018. Tr. 68, 80. After Plaintiff's applications were denied initially and upon reconsideration, ALJ William Grayson held a hearing and issued a decision finding Plaintiff not

disabled. Tr. 17-35. The Appeals Council denied Plaintiff's request for review, making ALJ Grayson's decision the final decision of the Commissioner. Tr. 1-6.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date; post-traumatic stress disorder (PTSD), anxiety, major depressive disorder, degenerative disc disease of lumbar spine, obesity, plantar fasciitis, fibromyalgia, migraine headaches, bilateral carpal tunnel syndrome, and chronic obstructive pulmonary disease (COPD) are severe impairments; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 19-20. The ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except:

> Claimant is limited to occasional stooping, kneeling, crouching, and crawling; can perform frequent handling; should avoid pulmonary irritants, unprotected heights, dangerous machinery, and temperature extremes; can understand and remember simple, routine tasks and sustain these tasks for 2 hours at a time throughout an 8-hour workday; can tolerate occasional interaction with the public, coworkers, and supervisors and occasional changes to the routine work setting.

Tr. 23. The ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy and is therefore not disabled. Tr. 34.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
- 2

its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's interpretation of the evidence. *Id.*

## I.    Medical Opinion Evidence

Plaintiff argues the ALJ erroneously rejected the 2018 opinion of Dr. Carl Epp and the 2021 opinion of Dr. Steven Talmadge. Dkt. 12 at 1. The ALJ must consider the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and others), but supportability and consistency are the most important factors. 20 C.F.R. §§ 416.920c(b), 404.1520c(b).

Supportability means the extent to which a medical source supports their medical opinion by explaining the relevant objective medical evidence. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022). Consistency means the extent to which the medical opinion is consistent with the evidence from the other medical and nonmedical sources in the claim. *Id.* at 792.

An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.* Conclusions alone are insufficient – "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings."" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

### a.    Dr. Carl Epp, Ph.D.

Dr. Carl Epp evaluated Plaintiff on January 16, 2018, and diagnosed her with major depressive disorder, recurrent, severe, without psychotic features; bipolar disorder, unspecified; PTSD; and panic disorder. Tr. 683-84. Dr. Epp opined Plaintiff has marked limitations in her

ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and set realistic goals and plan independently. Tr. 685. He opined Plaintiff is moderately limited in her ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; adapt to changes in a routine work setting; be aware of and take appropriate precautions; communicate and perform effectively in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 684-85. He found Plaintiff's overall severity rating was marked. Tr. 685.

The ALJ rejected Dr. Epp's opinion as unsupported by his examination findings and inconsistent with the medical evidence and other evidence in the record.[2] Tr. 31.

### i. Supportability

The ALJ reasoned that Dr. Epp's opinion was unsupported by his own mental status examination (MSE), which found Plaintiff's orientation, perception, concentration, and abstract thought were within normal limits. Tr. 31. Plaintiff argues that these findings do not contradict Dr. Epp's opinion, which she contends is supported by abnormal findings as to her attitude and behavior, mood, affect, and thought process. Dkt. 12 at 4-5.

An ALJ may discount a medical opinion if the doctor's own clinical notes and recorded observations contradict the doctor's opinion. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). However, as emphasized by the Ninth Circuit, isolated normal findings must be viewed in

---

[2] The Court notes the ALJ melds the supportability and consistency factors, stating the opinion was inconsistent with, rather than unsupported by, Dr. Epp's findings. But the Court can discern the ALJ's meaning here, as "[c]onsistency with a medical source's own treatment records is a supportability consideration." *Eddinger v. Comm'r of Soc. Sec. Admin,* 2023 WL 10148249, at *11, n.8 (D. Ariz. Dec. 11, 2023). *See also Woods*, 32 F.4th at 793, n.4 ("to avoid confusion in future cases, ALJs should endeavor to use these two terms of art – "consistent" and "supported" – with precision.").

the context of "the overall diagnostic picture the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (internal quotation marks omitted). This is particularly important in the context of mental illnesses, the symptoms of which may wax and wane over time. *Leah K. v. Comm'r of Soc. Sec.,* 616 F. Supp. 3d 1099, 1107 (D. Or. 2022) (citing *Garrison,* 759 F.3d at 1017, n.23).

      Here, Plaintiff's MSE showed Plaintiff exhibited a depressed and grieving mood, a subdued affect, and lacked the ability to cope. Tr. 686. Plaintiff endorsed thoughts of self-harm, had markedly impaired memory, and a moderately to markedly impaired fund of knowledge. Tr. 686-87. Dr. Epp also noted Plaintiff's insight and judgment were not within normal limits, stating, "this claimant has very limited emotional/psychological self-insight and needs to be in counseling." Tr. 687. Dr. Epp's opined social and behavioral limitations clearly stem from, and are supported by, these findings. The positive information about Plaintiff's cognitive capabilities (her normal orientation, perception, concentration, and abstract thought) does not contradict the abnormal findings related to Plaintiff's social and emotional function. *See Kaleopa v. O'Malley*, 2025 WL 48745, at *4 (S.D. Cal. Jan. 8, 2025).

      The Commissioner argues Plaintiff fails to explain how the abnormal findings support the limitations related to concentration when her concentration was normal on the MSE. Dkt. 14 at 4. But "mental status exams may be of limited relevance to assessing mental health disorders, where a "snapshot" in time fails to capture the full extent of mental health symptoms[.]" *Heckler v. O'Malley*, 2024 WL 4766737, at *10 (D. Haw. Nov. 13, 2024). While it appears Plaintiff's concentration was intact during the MSE, Dr. Epp noted elsewhere in his report Plaintiff's major depressive disorder was marked by difficulty concentrating and mental confusion. Tr. 684. Such

findings support limitations assessed in that domain and are not erased by the snapshot assessment of Plaintiff's concentration during the MSE.

The Court finds the ALJ's focus on normal MSE results to the exclusion of the other abnormal findings in Dr. Epp's report is an erroneously selective. *See Perez v. Saul*, 855 F. App'x 365, 366 (9th Cir. 2021) (rejecting ALJ's reliance on "cherry-picked" normal findings because they did not "reflect the diagnostic record as a whole."). An ALJ "cannot reach a conclusion first and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). The ALJ's supportability finding is therefore not supported by substantial evidence.

### ii. Consistency

The ALJ also rejected Dr. Epp's opinion as inconsistent with "generally normal" mental status examinations throughout the record, Plaintiff's response to treatment, and her ability to perform activities of daily living. Tr. 31.

#### 1. Mental Status Examinations

The ALJ found Dr. Epp's opinion inconsistent with mental status exams throughout the record "which repeatedly reflect that claimant is experiencing depression and anxiety but otherwise indicate generally normal findings." Tr. 31 (citing exhibits 2F, 26F, 28F (Tr. 465-70, 1658-1701, 1741-94)). The ALJ noted these exams indicate coherent speech and language; calm, appropriate, and cooperative behavior and good eye contact; orientation to person, place, date, time, and situation; good attention and concentration; no suicidal or homicidal ideation; fair memory; and average estimated intelligence. Tr. 31 (citing exhibits 26F, 28F (Tr. 1658-1701, 1741-94)).

Plaintiff argues the ALJ erroneously separates the depression and anxiety findings from the MSEs to categorize the exam results as normal. Dkt. 12 at 7. She contends most of the MSEs in the record contain abnormal findings regarding mood and affect and were therefore not "generally normal." *Id*. The Commissioner asserts the issue is a matter of degree of severity, and Plaintiff simply presents an alternative interpretation of the evidence. Dkt. 14 at 4.

As Plaintiff contends, the records cited by the ALJ contain many abnormalities alongside the normal findings, including anxious or depressed mood and blunted affect in nearly every MSE. Tr. 1667, 1684, 1692, 1700, 1749, 1761. The records further reflect Plaintiff often reported high anxiety and she feared leaving her home and interacting with unfamiliar men. Tr. 1672, 1675, 1681, 1690, 1742, 1745, 1751, 1753, 1770, 1781, 1789, 1793. On numerous occasions, Plaintiff reported experiencing visual and auditory hallucinations when especially sad or upset (Tr. 1672, 1748, 1767-68, 1777, 1784) and it was noted she occasionally has paranoid thought content and suicidal ideation (Tr. 1698, 1748-50).

The medical record cannot reasonably be interpreted as normal. *See Emily S. v. Kijakazi*, 2023 WL 3805257, at *8 (N.D. Cal. June 1, 2023) (explaining a claimant cannot have "generally normal findings" where her MSEs demonstrate consistent "mood and affect disturbances"). Considering such abnormalities, it is clear that "the ALJ improperly excised the normal findings" from the record, "thereby misrepresenting the full context of the record" to find it inconsistent with Dr. Epp's opinion. *Jason B. v. Comm'r of Soc. Sec.*, 2023 WL 4621895, at *2 (W.D. Wash. July 19, 2023).

/

/

/

### 2. Activities of Daily Living and Response to Treatment

The ALJ also found Dr. Epp's opinion inconsistent with Plaintiff's positive response to treatment and her ability to perform activities of daily living such as grocery shopping, talking on the phone, texting, emailing, crocheting, and watching television. Tr. 31.

It is unclear how these activities cited by the ALJ necessarily contradict the limitations opined by Dr. Epp. None of these activities impose work-like requirements on Plaintiff such as maintaining a schedule or meeting performance standards. And Plaintiff is noted as using such activities as coping strategies for her anxiety and depression and doing them "when she feels best," indicating Plaintiff does not perform them on an ongoing or routine basis, or in a way that would be analogous to a competitive work environment. *See, e.g.*, Tr. 1659, 1667. The ALJ's vague finding Plaintiff's activities are inconsistent with Dr. Epp's opinion without explanation of the supposed conflict is insufficient grounds to reject Dr. Epp's opinion. *Adria H. v. Comm'r of Soc. Sec.*, 2022 WL 73870, at *5 (W.D. Wash. Jan. 7, 2022).

The ALJ provides no record support for his claim Plaintiff's conditions have improved with treatment. While Plaintiff has noted counseling has been helpful and reports some symptom improvement with medication, the record reflects her depression, anxiety, insomnia, and mood swings have persisted throughout the years without meaningful change. *See generally* Tr. 533-762, 844-69, 888-1213, 1280-1468, 1503-30, 1658-1701, 1741-89) (Plaintiff's mental health treatment records). While "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability," *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017), simply because a claimant shows some improvement does not mean her symptoms have improved enough that they no longer preclude employment. *Garrison*, 759 F.3d at 1017 (citing *Holohan*, 246 F.3d 1195, 1205 (9th Cir. 2001)).

Accordingly, the Court finds the ALJ erroneously discounted Dr. Epp's opinion as inconsistent with the medical evidence and other evidence in the record.

### b. Dr. Talmadge

Dr. Steven Talmadge evaluated Plaintiff on August 26, 2001, and diagnosed her with major depressive disorder, recurrent, mild; PTSD, with delayed expression; and unspecified anxiety disorder. Tr. 466. Dr. Talmadge opined Plaintiff had marked limitations in her ability to adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 467. He opined Plaintiff had moderate limitations in her ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; and be aware of normal hazards and take appropriate precautions. *Id.* He also opined Plaintiff's overall severity rating was marked. *Id.*

The ALJ found Dr. Talmadge's 2021 opinion unpersuasive on the grounds it was vague and uninformative, unsupported by his examination, and inconsistent with the medical and other evidence in the record. Tr. 31.

### i. Supportability

The ALJ rejected Dr. Talmadge's opinion as unsupported by his "overall normal" exam findings. Tr. 31. The mental status examination conducted by Dr. Talmadge showed Plaintiff's thought process and content, orientation, perception, fund of knowledge, concentration, abstract thought, and insight and judgment were all within normal limits. Tr. 468. The MSE also indicated Plaintiff's mood was downcast and possibly depressed, and her affect was euthymic

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
- 9

with "acute emotional distress in evidence due to stress." Tr. 469. Dr. Talmadge noted Plaintiff's memory was not within normal limits, explaining she recalled only one out of three objects and performed poorly on digit span. Tr. 468.

Elsewhere in his report, Dr. Talmadge noted Plaintiff suffers from a moderate and constant depressed mood that affects her ability to work. Tr. 466. Plaintiff also admitted a history of several suicide attempts combining pills and alcohol, a history of cutting and repeated abusive relationships, and she continues to have suicidal ideation. Tr. 465. Dr. Talmadge cited Plaintiff's domestic abuse history and the loss of both her parents as contributors to her PTSD. *Id.* The doctor also indicated Plaintiff has insomnia, self-isolates when depressed, and while she can manage her affairs, she has no plans for the future. Tr. 466. Dr. Talmadge opined despite available treatment Plaintiff's mental health issues are expected to persist indefinitely. Tr. 467.

The ALJ improperly divorces these abnormal findings from the normal MSE results to support his contention Dr. Talmadge's opinion lacks support. In finding such a discrepancy between Plaintiff's normal mental and logical functioning and her abnormal emotional and affective processing, the ALJ "appears to reflect a misunderstanding of human psychology and the mental status examination." *Elisa P. v. Acting Comm'r of Soc. Sec.,* 2021 WL 5833569, at *2 (W.D. Wash. Dec. 9, 2021). The existence of normal findings does not negate the rest of the examination. *See Rule v. Saul,* 859 Fed. Appx. 754, 755 (9th Cir. 2021) (explaining that evidence showing a claimant's "thought processes, memory, and concentration were within normal limits" did not contradict physician's opinion that claimant "was markedly impaired in her ability to maintain a schedule, communicate with others in a work setting, or plan independently").

In finding Dr. Talmadge's opinion unsupported, the ALJ also deemed the opinion was vague and uninformative. Tr. 31. A medical opinion can be properly discounted where it is too

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
- 10

vague to be useful in making a disability determination. *See Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999). However, Dr. Talmadge used the same Washington State Department of Social and Health Services evaluation form[3] used by Dr. Epp, whose evaluation the ALJ did *not* find vague and uninformative. *Compare* Tr. 465-68 *and* 683-87. Substantial evidence does not support the ALJ's finding that Dr. Talmadge's opinion was vague and uninformative, particularly when Dr. Talmadge included a narrative addendum describing the questions asked and answers given during the MSE, thus providing more detail. *See* Tr. 469.

The Court accordingly finds the ALJ's supportability finding is not supported by substantial evidence.

### ii. Consistency

The ALJ's consistency determination regarding Dr. Talmadge's opinion is identical to the determination used against Dr. Epp's opinion, except the ALJ also found Dr. Talmadge's 2021 inconsistent with his later 2023 opinion. Tr. 31. As far as the consistency argument is identical to that used by the ALJ in rejecting Dr. Epp's opinion, it is erroneous for the same reasons discussed above.

The ALJ fails to explain how Dr. Talmadge's 2021 and 2023 opinions are inconsistent. The ALJ must set forth the reasoning behind his decision in a way that allows for meaningful review, building an accurate and logical bridge from the evidence to their conclusions. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (an ALJ errs when he

---

[3] The form used is DSHS 13-865 (Psychological/Psychiatric Evaluation) (available at https://www.dshs.wa.gov/sites/default/files/forms/pdf/13-865.pdf), which contains a checkbox questionnaire on work-related activities similar to that used by the agency, form HA-1152 (Medical Source Statement of Ability to do Work Related Activities (Mental)) (available at https://omb.report/icr/202101-0960-006/doc/108192200). "If the opinion was vague, the culprit is the form, not the doctor." *Jimenez v. Kijakazi,* 2023 WL 5722913, at *5 (E.D. Cal. Sept. 5, 2023) (discussing a form resembling HA-1152).

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
- 11

"merely states" that facts "point towards an adverse conclusion" yet "makes no effort to relate any of these" facts to the specific findings he rejects).

Accordingly, the Court finds the ALJ erroneously discounted Dr. Talmadge's 2021 opinion as inconsistent.

In reviewing the entire record, the Court finds substantial evidence does not support the ALJ's determination to discount either opinion as unsupported or inconsistent. "In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record." *Reddick*, 157 F.3d at 722-23. Had the ALJ properly considered these opinions, the RFC may have included additional limitations, or the ultimate disability determination may have changed. The ALJ's error is therefore harmful. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1052, 1054 (9th Cir. 2006) (if the ALJ's error results in an RFC that omits relevant work-related limitations, the RFC is deficient, and the error is not harmless).

## CONCLUSION

For the foregoing reasons, the Courts **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Dr. Epp and Dr. Talmadge, develop the record and reassess Plaintiff's RFC as needed, and proceed to the remaining steps of the disability evaluation as appropriate.

DATED this 29th day of September, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge